**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BERKEL & COMPANY CONTRACTORS, INC.,**

            **Plaintiff,**

**-vs-**                                          **Case No. 6:06-cv-1073-Orl-31JGG**

**HJ FOUNDATION, INC.,**

            **Defendant.**

# ORDER

This matter comes before the Court on a Motion for Summary Judgment (Doc. 23) filed by Defendant HJ Foundation, Inc. ("HJ") and Plaintiff's Response thereto (Doc. 32).

**I. Background**

Plaintiff, Berkel & Company Contractors, Inc.("Berkel"), is the owner of U.S. Patent No. 6,033,152 (the "'152 Patent"), issued to Kenneth J. Blum on March 7, 2000 for "Pile Forming Apparatus." (Doc. 1 at 2). "The '152 Patent discloses and claims a lateral soil displacement and compaction auger for drilling pile foundation holes and in situ formation of cementious [sic] piles." (Doc. 1 at 2).

Berkel alleges that "HJ directed another to manufacture for it an auger substantially similar as described and claimed in the '152 Patent and uses such auger for its intended purpose without the authorization of Berkel, in violation of 35 U.S.C. § 271(a)." (Doc. 1 at 3). Specifically, Berkel alleges that HJ has infringed on Claim 18 of the '152 Patent. (Doc. 32 at 7).

Claim 1 of the '152 Patent describes an auger that is equipped with compaction rollers which are strategically spaced and mounted within the auger shaft. (Doc. 1 at 13). These rollers laterally displace and compact soil during bore hole formation, in order to minimize the amount of displaced material or "spoil" that results from the process. (Doc. 1 at 13). It is undisputed that HJ's auger is built without rollers. (Doc. 32 at 7). However, Claim 18 does not explicitly mention rollers. Instead, Claim 18 states:

> A lateral compaction auger used in the formation of bore holes adapted to receive cementitious material for the formation of piles and comprising:
> an elongated central shaft presenting a lower end;
> outwardly extending helical auger flighting supported on said shaft,
> at least a portion of said shaft and flighting being cooperatively configured for lateral displacement and compaction of soil during rotation of the auger
> said auger including an elongated drilling extension below said lateral compaction portion, said extension having a length at least about 50% of the length of said lateral compaction portion; and,
> a cutting lead supported on the end of said extension below said lateral compaction portion,
> said central shaft having an innermost, hollow, cementitious material-conveying pipe extending the full length thereof through said lateral compaction portion and said extension, there being a cementitious material opening adjacent the lower end of said extension.

(Doc. 1 at 17).

HJ argues that Claim 18 is not a patentable claim unless it incorporates the previously described rollers. HJ relies on a statement by the U.S. Patent and Trademark Office (the "PTO"). The PTO initially rejected Claim 18[1] of the '152 Patent, because it was obvious in light of U.S.

---

[1]The original wording of Claim 18 is as follows:

A lateral compaction auger used in the formation of bore holes adapted to receive cementious [sic] material for the formation of piles and comprising:
an elongated central shaft presenting a lower end;
outwardly extending helical auger flighting supported on said shaft,

Patent No. 4,504,173 (the "'173 Patent").[2]  In response to this rejection, Claim 18 was revised and resubmitted.  The PTO then accepted this revised version of Claim 18 with no explanation, despite the fact that there appears to be very little difference between the two versions.  Therefore, HJ argues that the PTO must have intended to incorporate the description of the auger laid out in Claim 1 into Claim 18, and if this is true HJ has not infringed on Claim 18.[3]

---

> at least a portion of said shaft and flighting being cooperatively configured for lateral displacement and compaction of soil during rotation of the auger,
> said auger including an elongated drilling extension below said lateral compaction portion, said extension having a length at least about 50% of the length of said lateral compaction portion; and
> a cutting lead supported on the end of said section remote from said lateral compaction portion.

(Doc. 23-2 at 50).

[2]According to the PTO:

> Claims 18 and 19 are rejected under 35 U.S.C. 103(a) as being unpatentable over Feklin (U.S. Patent No. 4,504,173).
> Feklin '173 discloses an apparatus for constructing cast in place tubular piles, the apparatus comprising an elongated central shaft (1) presenting a lower end, outwardly extending helical auger flighting (19) supported on said shaft, at least a portion (6) of said shaft and flighting being cooperatively configured for lateral displacement and compaction of soil during rotation of the auger, said auger including an elongated drilling extension (combination of 2 and 3) below said lateral compaction portion, said extension having a length which appears to be at least about 50% of the length of said lateral compaction portion and a cutting lead (5) supported on the end of said extension below said lateral compaction portion.. . . Feklin '173 does not expressly teach a drilling extension at least 50% the length of the lateral compaction portion. However, it would have been well within the level of ordinary skill for one in the art of foundations at the time of invention to make the drilling extension of the apparatus shown by Feklin '173 fifty percent of the length of its lateral compaction portion. The motivation for modification would have been to effect desired penetration of underlying dense soil strata.

(Doc. 23-2 at 21-22).

[3]It is undisputed that because HJ's auger does not have rollers it cannot infringe on Claim 1. (Doc. 32 at 7).

-3-

Berkel, on the other hand, argues that Claim 18 must be read on its own, and does not incorporate Claim 1. Instead, Berkel argues, Claim 1 and Claim 18 apply to different types of augers, both of which are covered by the '152 Patent. Plaintiff also argues that Defendant's motion is premature because the Court has yet to hold a *Markman*[4] hearing.

## II. Standards of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely

---

[4]*See Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).

on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

## III. Legal Analysis

After careful review of the record, it appears that there are three possible outcomes here: (1) Claim 18 is a description of a typical auger with a drilling extension, and therefore is not patentable in light of the '173 Patent, (2) Claim 18 describes, by inference, an auger with compaction rollers and a drilling extension, and therefore cannot be infringed by an auger without rollers, or (3) Claim 18 is an independent description of a patentable auger with a drilling extension.

At this time, the issue of patent invalidity is not ripe, as the Defendant has only suggested this as a defense and has not moved for summary judgment on that issue. Therefore, the Court can only address the issue of whether Claim 18 incorporates rollers by inference.

Neither the language of Claim 18, nor the definition of auger provided in the specifications, mention rollers. However, the language of the '152 Patent specifications clearly contemplates an auger with rollers throughout. The background of the invention and description of prior art state that the improvement which Blum invented was an auger with compaction rollers. From the context of the '152 Patent, it seems implausible to suggest that Claim 18 describes an auger without rollers. Furthermore, there is authority supporting Defendant's assertion that a Court may limit a patent claim by reading it in light of the specifications and the limitations discussed therein. *See SciMed Life Systems, Inc. v. Advanced Cardiovascular Services Inc.,* 242 F.3d 1337, 1334 (Fed. Cir. 2001).

However, when the PTO rejected the original version of Claim 18, it did so because it viewed that claim as describing the same auger as the '173 Patent, except with a drilling extension of a specific length. This indicates that the PTO did not read the original Claim 18 as describing an auger with rollers, as that characteristic would have distinguished it from the '173 Patent. On the limited record currently available, the Court is reluctant to decide whether the revised Claim 18 was approved because the PTO determined that the requirement of rollers could be read into it by inference. There is simply not enough information available to determine what made the PTO change its ruling.

Therefore, at this stage of the proceedings, when a *Markman* hearing has not been held and the record is not fully developed, the Court finds that Defendant's motion is premature.

## IV. Conclusion

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 23) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 29, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party